# UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 1:22M_520_
BLACK APPLE IPHONE, LOCATED AT 1801 STANLEY )
ROAD, GREENSBORO, NC 27407 )
)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____Middle_____ District of _____North Carolina_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of a Firearm |
| 18 U.S.C. § 922(a)(1)(A) | Engaging in the Business of Dealing in Firearms without a License |

The application is based on these facts:

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

/s/ Eli VanKuren
*Applicant's signature*

Eli VanKuren, Task Force Officer, ATF
*Printed name and title*

On this day, the applicant appeared before me via reliable electronic means, that is by telephone, was placed under oath, and attested to the contents of this Application for a search warrant in accordance with the requirements of Fed. R. Crim. P. 4.1.

Date: 12/21/22

*Judge's signature*

City and state: Greensboro, North Carolina

United States Magistrate Judge L. Patrick Auld
*Printed name and title*

# ATTACHMENT A

The property to be searched is as follows:

a. **TARGET DEVICE**: A black Apple iPhone in a protective case with no serial number or specific identifiers marked on the exterior of the phone.



**Error! Reference source not found.**

This warrant authorizes the forensic examination of the **TARGET DEVICE** for the purpose of identifying the electronically stored information described in Attachment B.

# ATTACHMENT B

1. All records on the **TARGET DEVICE** described in Attachment A that relate to violations of 18 U.S.C. § 922(g)(1), Felon in Possession of Firearm; and 18 U.S.C. § 922(a)(1)(A), engaging in the business of dealing in firearms without a license; and involve Trevis Orr HERRING:

    a. Photos depicting firearms.
    b. Electronic communications between HERRING and ATF undercover agents and confidential informants.
    c. customer and related identifying information.
    d. types, amounts, lists and prices for firearms as well as information, containing dates, places, and amounts for firearms transactions.
    e. Information and communication related to sources of firearm supply (including names, addresses, phone numbers, or any other identifying information);
    f. all bank records, checks, credit card bills, account information, and other financial records.

2. Evidence of user attribution showing who used or owned the **TARGET DEVICE** at the time the things described in this warrant were created, edited, or deleted, including logs, phonebooks, saved usernames, passwords, documents, and browsing history.

# AFFIDAVIT IN SUPPORT OF AN APPLICATION UNDER RULE 41 FOR A WARRANT TO SEARCH AND SEIZE

I, Eli VanKuren, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property—an electronic device—which is currently in law enforcement possession, and the extraction from that property of electronically stored information described in Attachment B.

2. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

3. Your Affiant is a Police Officer for the Winston-Salem Police Department (WSPD) and has been so employed since August 2015. Your Affiant is a graduate of the North Carolina Basic Law Enforcement Training taught by the Winston-Salem Police Department. Your Affiant is also duly sworn as a Task Force Officer for Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). Your Affiant holds a Bachelors degree in Psychology from

Harding University. During your Affiants career in Law Enforcement, your Affiant has participated in multiple advanced training to include the North Carolina Police Law Institute, Basic Gang Investigations, Violent Criminal Apprehension Techniques, and Basic Cell Phone Investigations among others.

4. As a Federal Task Force Officer, your Affiant is authorized to investigate violations of United States laws and to execute warrants issued under the authority of the United States.

5. Your Affiant has conducted and assisted with numerous investigations involving the commission of violent crimes, such as shootings, aggravated assaults, robberies, etc. Through instruction, training, experience, participation in investigations, and the exchange of information with other law enforcement agents and officers, your Affiant has become familiar with the manner in which people commit violent acts and the methods, language, and terms that are used to further their criminal activities.

6. Your Affiant has participated in a number of firearms trafficking, manufacturing, and possession cases. My training and experience in the investigation of the illegal possession and trafficking of firearms has provided me with information concerning the normal patterns and procedures through which individuals acquire, store, maintain, and/or manufacture firearms. I have had discussions with senior ATF agents with further experience and/or

2

expertise in conducting investigations related to individuals who unlawfully possess and traffic in firearms. As a result of my own personal experiences, the training I have received, and the information that I have obtained from working with experienced ATF agents, I am familiar with violations of Federal Firearms Laws.

7. The conclusions and opinions set forth below are based on my experience and training as a law enforcement officer, my direct participation in this investigation as described below, and conversations with other law enforcement officers who are familiar with the facts and circumstances of this investigation. The facts set forth in this Affidavit are known to me as a result of my personal participation in this investigation and through conversations with other federal, state, and local law enforcement officers and personnel. The following is not an exhaustive recitation of the facts agents and officers have learned during the course of this investigation but are the facts that I believe sufficiently establish probable cause. References to law enforcement personnel in this case will generally be referred to as "agents" or "agents/officers," unless specified by name and agency.

## IDENTIFICATION OF THE DEVICE TO BE EXAMINED

8. The property to be searched shall be referred to as the "**TARGET DEVICE.**" The **TARGET DEVICE** is a black Apple iPhone in a protective

3

case with no serial number or specific identifiers marked on the exterior of the phone. A photograph of the **TARGET DEVICE** has been attached to this application for further identification.

9. The **TARGET DEVICE** is currently located at the ATF office in Greensboro, NC.

10. The applied-for warrant would authorize the forensic examination of the **TARGET DEVICE** for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

11. In October, an ATF Confidential Informant (hereinafter, CI)[1] was communicating with an unindicted party about obtaining firearms. The unindicted party advised they had located some firearms that were for sale. The unindicted party then provided the CI's phone number to Trevis Daquan Orr HERRING (later identified). On October 20, 2022, the CI received a text message from HERRING using phone number XXX-XXX-9139, **TARGET DEVICE**. HERRING began talking about the sale of firearms with the CI.

---

[1] The CI was compensated by ATF for his/her services and has a history of criminal convictions including at least one felony conviction.

4

During the conversation HERRING and the CI agreed to meet one another for the sale of the firearm.

12. A query of the phone number XXX-XXX-9139 (**TARGET DEVICE**) was conducted by TFO La Valley through Police2Police, which resulted in TFO La Valley finding the phone number to being associated to Trevis Daquan Orr HERRING.

13. On October 24, 2022, an ATF UC and CI communicated with HERRING through cell phone, and were instructed by HERRING to respond to 2022 South Broad Street, Winston-Salem, NC (J and J Food Mart) to purchase a firearm.

14. At approximately 2:49 p.m., the UC and CI pulled onto the parking lot of the J and J Mart and observed a black Honda Accord backed into a parking spot in front of the store. The UC parked the UC vehicle on the passenger side of the Honda Accord.

15. The UC and CI contacted an unknown black male in the front passenger seat of the Honda Accord and unknown black male in the driver's seat of the Accord. The UC and CI exchanged greetings with the occupants through the open front passenger side window of the UC vehicle. The CI proceeded to exit the UC vehicle and entered the rear passenger side seat to

wait for HERRING who was inside of J and J Food Mart at the time. Shortly thereafter, HERRING exited J and J Food Mart.

16. HERRING directed the front passenger seat passenger to exit the Honda Accord, to which he did. HERRING then entered the front passenger seat of the Accord with his legs still outside of the vehicle and facing the UC vehicle. HERRING appeared to remove a Smith & Wesson, Model M&P 40 Shield, bearing serial #HSW0694 from the front pocket of his hooded sweatshirt. He then cleared the firearm of a single .40 caliber round of ammunition that was chambered in the firearm. After clearing the firearm and removing the loaded magazine, HERRING handed the firearm to the CI who was still seated in the rear passenger side seat.

17. The CI Provided HERRING with $540.00 and HERRING handed the CI the magazine loaded with 7 rounds of .40 caliber ammunition and the single round of .40 caliber ammunition that was ejected from the chamber. After completing the controlled purchase, the CI returned the UC vehicle and the UC and CI departed from the area. The CI then handed the firearm and ammunition to the UC. This transaction was audio/video recorded and the funds utilized were prerecorded.

18. Both the UC and the CI positively identified HERRING from his North Carolina driver's license photo and several other images TFO La Valley displayed of HERRING.

19. On October 24, 2022, Special Agent Paul Johnson examined the listed firearm(s) and its markings required under 27 CFR 478.92, which include but are not limited to the serial number, name of manufacturer, model, caliber or gauge, and also, when applicable, the importer and proof marks. The firearm is described as follows:

   a. Smith & Wesson pistol, model M&P .40 Shield, .40 S&W caliber, bearing Serial Number HSW0694.

20. Based upon the above descriptions, as well as researching firearm periodicals, books, other known media, and the internal ATF database that is kept up to date on manufacturers of both firearms and ammunition, and in conjunction with the knowledge and experience of Special Agent Paul Johnson, it is his opinion that:

   a. Smith & Wesson pistol, model M&P .40 Shield, .40 S&W caliber, bearing Serial Number HSW0694 was manufactured in Connecticut or Maine.

21. On October 25, 2022, an ATF UC and ATF CI communicated with HERRING through cell phone, and were instructed by HERRING to respond to 110 Weatherwood Court in Winston-Salem, North Carolina to purchase a firearm.

22. At approximately 12:24 p.m., the UC and CI responded to 110 Weatherwood Court in Winston-Salem, North Carolina and parked in front of apartment building "110."

23. At approximately 12:34 p.m., HERRING appeared from open area between building 110 and 106 carrying a tan gun bag and walked to the UC vehicle. HERRING entered the rear passenger seat of the UC vehicle and exchanged greetings with the UC and the CI.

24. HERRING unzipped the tan gun bag exposing a Palmetto State Armory, Model Dagger Compact 9-millimeter pistol bearing serial # JJE37096 and a box of ammunition containing thirty-nine (39) rounds of .40 caliber ammunition. He then cleared the firearm of a single 9-millimeter round of ammunition that was chambered in the firearm and removed the magazine that was loaded with an additional fifteen (15) rounds of 9-millimeter ammunition. HERRING then handed the firearm to the UC to inspect. The UC agreed to purchase the firearm and handed HERRING $600. He then received the gun bag along with the ammunition.

25. HERRING provided the UC and CI with the box of .40 caliber ammunition he did not have with him on October 24, 2022, during that transaction. During this transaction, the UC asked HERRING if he had ever fired this Palmetto pistol. HERRING stated he had fired the firearm. The UC

8

asked HERRING if he had additional Palmetto firearms for sale and he replied, "I come up on a lot... I get a lot of stuff out the stores like I don't try to touch street guns." After completing the controlled purchase, HERRING exited the UC vehicle. This transaction was audio/video recorded and the funds utilized were prerecorded.

26. On October 25, 2022, Special Agent Paul Johnson examined the listed firearm(s) and its markings required under 27 CFR 478.92, which include but are not limited to the serial number, name of manufacturer, model, caliber or gauge, and also, when applicable, the importer and proof marks. The firearm is described as follows:

    a. Palmetto State Armory pistol, model Palmetto Dagger Compact, 9mm caliber, bearing Serial Number JJE37096.

27. Based upon the above descriptions, as well as researching firearm periodicals, books, other known media, and the internal ATF database that is kept up to date on manufacturers of both firearms and ammunition, and in conjunction with the knowledge and experience of Special Agent Paul Johnson, it is his opinion that:

    a. Palmetto State Armory pistol, model Palmetto Dagger Compact, 9mm caliber, bearing Serial Number JJE37096 was manufactured in Connecticut.

28. A criminal history inquiry revealed HERRING has been convicted of a felony offense punishable by a term of imprisonment exceeding one year.

A Criminal History check of HERRING was conducted and revealed he is a multiple time convicted felon and is currently on probation with NCDPS for Possession of a Firearm by a Convicted Felon. For HERRINGs conviction for Possession of Firearm by Felon, which was prosecuted in the Forsyth County, North Carolina Superior Court, on July 7, 2021, he received a criminal sentence of 11-23 months.

29. On November 3, 2022, ATF TFO VanKuren contacted the North Carolina Governor's Clemency Office in reference to HERRING's pardon status. It was confirmed that HERRING has not received nor applied for a pardon. Therefore, HERRING's Second Amendment Right to possess a firearm or ammunition has not been restored.

30. On December 9, 2022, the Honorable United States Magistrate Judge Patrick Auld issued a criminal complaint on HERRING.

31. On December 16, 2022, HERRING was taken into custody during an office visit with his Probation Officer at 301 N. Church Street, Winston-Salem, NC. When HERRING was taken into custody the **TARGET DEVICE** was seized from HERRING.

32. Based on HERRING's communication via telephone with the UC, your affiant has probable cause to believe relevant information is contained on

10

**TARGET DEVICE** which will aid investigators in identifying evidence of a crime and co-conspirators, as well as sources of supply for firearms.

33. Based on the information provided in this application, I submit there is probable cause to believe the **TARGET DEVICE** will contain evidence of firearm trafficking conducted by HERRING and co-conspirators both known and unknown to law enforcement. The **TARGET DEVICE** is currently in storage at the ATF Office in Greensboro, North Carolina. In my training and experience, I know that the **TARGET DEVICE** has been stored in a manner in which its contents are, to the extent material to this investigation, in substantially the same state as it was when the **TARGET DEVICE** first came into the possession of the ATF.

## TECHNICAL TERMS

34. Based on my training and experience, I use the following technical term to convey the following meanings:

> Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and

11

storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

35. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

36. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the **TARGET DEVICE** was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the **TARGET DEVICE** because:

    a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

    b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to

12

the search for "indicia of occupancy" while executing a search warrant at a residence.

  c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

  d. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a cellular telephone is evidence may depend on other information stored on the cellular telephone and the application of knowledge about how a cellular telephone behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

  e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

37. *Nature of examination.* Based on the foregoing, the warrant I am applying for would permit the examination of the **TARGET DEVICE** consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the **TARGET DEVICE** to human inspection in order to determine whether it is evidence described by the warrant.

38. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of

13

this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

39. I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **TARGET DEVICE** described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

/s/ Eli VanKuren
Eli VanKuren
Task Force Officer
Bureau Alcohol, Tobacco, Firearms,
and Explosives

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this 21st day of December, 2022, at 4:24 a.m./p.m.

Honorable L. Patrick Auld
United States Magistrate Judge
Middle District of North Carolina

14